# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVARIO TERRELL LIPSEY,

        Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No.  329875
Saginaw Circuit Court
LC No.  15-041309-FC

---

Before:  GADOLA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

A jury found defendant guilty of four counts of assault with intent to commit murder, MCL 750.83, one count each of carrying a dangerous weapon with unlawful intent, MCL 750.226, and felon in possession of a firearm (felon-in-possession), MCL 750.224f, and six counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant as an habitual offender, third offense, MCL 769.11, to life for each assault with intent to commit murder conviction, 4 to 10 years' imprisonment for the carrying a dangerous weapon with unlawful intent conviction, 4 to 10 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for each felony-firearm conviction.  Defendant appeals as of right.  We affirm.

## I.  FACTS

This case arises from an incident in which defendant fired gunshots in the direction of three individuals, Jylan Jackson, Joslynn Humphrey, and an employee of an auto parts store who was helping the two with a broken tie rod.  None of the three individuals were struck, but a nine-year-old girl in a nearby house was injured when a bullet entered her home.  Defendant did not dispute at trial that he was the shooter.  His defense was that he abandoned the intent to kill before he started shooting.

## II.  ANALYSIS

### A.  MOTION FOR NEW TRIAL

-1-

Defendant first claims that the trial court abused its discretion by denying his motion for new trial because he was denied the effective assistance of counsel when counsel pursued a defense of lack of intent and conceded that defendant was the shooter instead of pursuing an identity defense. We disagree.

We review for an abuse of discretion a trial court's decision to deny a motion for a new trial. *People v Schrauben*, 314 Mich App 181, 187; 886 NW2d 173 (2016). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014). Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). Because no *Ginther*[1] hearing was held, review of defendant's claim is limited to mistakes apparent from the record. *Lane*, 308 Mich App at 68.

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich App 38, 51; 826 NW2d 136 (2012). However, a particular strategy does not constitute ineffective assistance of counsel simply because it does not work. *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

Identity is an essential element of a criminal prosecution. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Humphrey testified that she saw defendant's face before she started running, she identified the clothing the shooter was wearing, and she identified defendant as the shooter in a photographic lineup. According to Jackson, he looked up and saw the shooter aim a gun at him and start shooting. He gave a description of the shooter's clothing that matched the description given by Humphrey. Further, Troy McClain, an acquaintance of defendant, testified that defendant told him details about the shooting that day and gave him a .40-caliber Glock. A firearms and tool marks identification expert determined that the spent cartridge casings found at the scene of the shooting were ejected from the .40 caliber Glock that was retrieved from McClain's residence. In the face of such evidence, defense counsel should not be faulted for not advancing an identity defense.

Defense counsel conceded that defendant was the shooter during trial. Given the overwhelming evidence that defendant was the shooter and assaulted the victims, the only element left open for dispute was whether defendant had the requisite intent to murder the victims. The fact that defense counsel's strategy did not ultimately convince the jury did not render his assistance ineffective. *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012) ("This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight."). Furthermore, defendant cannot show a

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

reasonable probability that, but for defense counsel's conduct, the result of the trial would have been different considering the overwhelming evidence regarding defendant's identity as the shooter. Accordingly, defendant's argument is without merit.

## B. JURY INSTRUCTION ON DEFENSE OF ABANDONMENT

Defendant argues that the trial court erred by instructing the jury on the defense of abandonment, M Crim JI 9.4, which was requested by the prosecution, and that defense counsel rendered ineffective assistance by expressing agreement with the instructions and then making an untimely objection to the instruction after closing arguments. We disagree.

We review de novo jury instruction issues involving questions of law. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). We review for an abuse of discretion a trial court's determination whether a jury instruction is applicable to the facts. *Id*.

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). It is the trial court's duty to instruct the jury regarding the law applicable to the case. MCL 768.29. "The instructions must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence." *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005).

" 'Abandonment is an affirmative defense, and the burden is on the defendant to establish by a preponderance of the evidence voluntary and complete abandonment of a criminal purpose.' " *People v Akins*, 259 Mich App 545, 555; 675 NW2d 863 (2003) (citation omitted). M Crim JI 9.4 outlines that abandonment is a defense to an *attempted crime*, rather than a completed crime. See M Crim JI 9.4. In this case, defendant was charged with completed offenses. He was not charged with criminal attempt, nor did the court instruct on attempt to commit an offense. Indeed, defendant objected to an instruction on abandonment as a defense for this reason. Although defense counsel used the term "abandonment" in his opening statement and closing remarks, it appears that defense counsel was arguing that defendant abandoned *the intent to murder* before he started shooting and that he therefore lacked the requisite intent to be found guilty of the crime. The trial court therefore abused its discretion by instructing the jury on abandonment as a defense to attempt.

Instructional errors are presumed to be harmless, but the presumption may be rebutted by a showing that the error resulted in a miscarriage of justice. *Dupree*, 486 Mich at 710 ("Under MCL 769.26, a preserved nonconstitutional error is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the asserted error was outcome determinative."). Defendant argues that the erroneous instruction was a miscarriage of justice because the example given in the instruction—"For example, a person who abandons an attempt to kill after firing a shot at an intended victim may not use abandonment as a defense to attempted murder"—prompted a directed verdict of guilty. However, defendant was not charged with an attempt crime. Therefore, the defense did not apply in the first instance, and defendant could not have abandoned it. Further, the trial court properly instructed the jury on the elements of assault with intent to murder, the lesser offenses of felonious assault and assault with intent to commit great bodily harm less than murder, and the

element of intent.  Defendant has failed to demonstrate that the error resulted in a miscarriage of justice.

With respect to his argument that trial counsel was ineffective by failing to object to the instruction before closing arguments, he has failed to establish that counsel acted in an objectively unreasonable manner.  Defense counsel explained that he had not raised an objection sooner because he was at the trial when he was informed, via a fax sent to his office two days prior, that the prosecution was seeking to instruct the jury pursuant to M Crim JI 9.4.  Further, one of the purposes of the requirement that an objection be timely is that a timely objection gives the court an opportunity to address the issue before it has affected the trial.  By raising the objection before the instruction of the jury, the court was given the opportunity to address the issue before it shaped the trajectory of the trial.  Accordingly, we conclude that defendant's argument regarding the jury instructions is without merit.

## C.  PHOTOGRAPHIC LINEUP

Defendant argues that he was denied due process by an unduly suggestive photographic lineup and that the trial court erred by failing to hold a *Wade*[2] hearing with respect to Humphrey's identification of defendant as the shooter.  We disagree.

Defendant did not challenge Humphrey's pretrial identification or object to admission of the identification testimony at trial, presumably because defendant conceded that he was the shooter.  Thus, there is no record for this Court to review and we decline to address this unpreserved issue.  See *People v Lee*, 391 Mich 618, 626-627; 218 NW2d 655 (1974) ("We do not examine the question of suggestiveness because there was no motion at trial to suppress the photographic identification testimony, nor evidentiary hearing on this matter to give us a record on which to make a judgment.").

## D.  JAILHOUSE TELEPHONE CALLS

Defendant contends that the trial court erred by allowing the prosecution to play selected portions of his recorded jailhouse telephone conversations in contravention of the "rule of completeness."  We disagree.

Defendant failed to preserve the issue by objecting to the challenged evidence at trial. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001) ("To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal.").  In fact, defense counsel stipulated to the admission of the portions of the recordings, waiving the issue.  See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (defining waiver as "the intentional relinquishment or abandonment of a known right") (citation and quotation marks omitted).  To

---

[2] *United States v Wade*, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

the extent that we review the issue, our review is for plain error affecting defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MRE 106 provides, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." The rule is "designed to prevent unfairness which may result if a statement is taken out of context." *Moody v Pulte Homes, Inc*, 125 Mich App 739, 747; 337 NW2d 283 (1983), rev'd in part on other grounds 423 Mich 150 (1985).

Defendant did not object when select portions of the recorded jailhouse telephone calls were played in court. Indeed, defense counsel stipulated to the admission of the recordings. The rule of completeness, therefore, is not pertinent with respect to the court's actions. Nonetheless, the entire recordings of the calls were admitted into evidence, and during jury deliberations the jury requested the recordings and were provided the equipment to review them. Thus, defendant has failed to demonstrate plain error affecting his substantial rights, nor has he shown that trial counsel, who stipulated to the admission of the entire recordings, rendered ineffective assistance.

## E. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to establish beyond a reasonable doubt defendant's identity as the shooter. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Kosik*, 303 Mich App 146, 150; 841 NW2d 906 (2013). "In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. "However, we do not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses." *Id*.

As stated above, identity is an element of every offense. See *Yost*, 278 Mich App at 356. Defendant's argument regarding identity fails because he conceded at trial that he was the shooter. Further, the alleged deficiencies in Humphrey's testimony relate to her credibility, and it is well-established that an appellate court "will not interfere with the trier of fact's determinations regarding the . . . credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

## F. STANDARD 4 BRIEF

### 1. SEARCH AND SEIZURE AND ARRAIGNMENT DELAY

Defendant argues that his right against unreasonable searches and seizures was violated by his warrantless arrest without probable cause and by the delay in his arraignment. We disagree.

Defendant failed to preserve either issue by raising the issues in the trial court. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). With regard to defendant's argument regarding his warrantless arrest, we decline to address the issue as there is insufficient evidence in the record to analyze whether probable cause existed to arrest defendant without a warrant. See *People v Nguyen*, 305 Mich App 740, 751; 854 NW2d 223 (2014) ("An arresting officer, or collectively the officers involved in an investigation . . . must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant has committed it."). With regard to defendant's issue regarding the delay in his arraignment, we review unpreserved constitutional issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant contends that a delay in his arraignment deprived him of due process and that evidence gathered during the delay, including the recorded jailhouse telephone calls, ballistics tests performed on the weapon retrieved from McClain's residence, and statements made by McClain and a woman who lived with defendant's uncle should have been suppressed. MCL 764.26 provides that a person charged with a felony must be brought before a magistrate or another judicial officer "without unnecessary delay" after his or her arrest. The United States Supreme Court has held that a delay of more than 48 hours between an individual's arrest and arraignment is presumed unreasonable, and the government bears the burden of demonstrating "the existence of a bona fide emergency or other extraordinary circumstance." *Riverside Co v McLaughlin*, 500 US 44, 57; 111 S Ct 1661; 114 L Ed 2d 49 (1991). In some circumstances, an unreasonable delay may require the exclusion of evidence obtained during the delay. See *People v Manning*, 243 Mich App 615, 642-643; 624 NW2d 746 (2000). "The exclusionary rule applies whenever a statutorily unlawful detention has been employed as a tool to directly procure any type of evidence from a detainee." *People v Cain*, 299 Mich App 27, 49; 829 NW2d 37 (2012) (quotation marks, citation, and emphasis omitted), aff'd in part, vacated in part on other grounds 495 Mich 874 (2013). In other words, " '[w]hile an improper delay in arraignment may necessitate the suppression of evidence obtained as a result of that delay, the delay does not entitle a defendant to dismissal of the prosecution.' " *Id*. (alteration in original).

The precise time of defendant's arrest on March 22, 2015, is not indicated in the record. Defendant asserts that he was "booked and processed after 8:00 p.m." On March 24, 2015, a magistrate signed a felony warrant finding that there was probable cause to support defendant's commission of the offenses, and commanding that defendant be arrested and brought before the court immediately. The magistrate also signed the felony complaint on March 24, 2015. Defendant's arraignment was held on March 25, 2015, but the time of the arraignment is not indicated in the record. However, even assuming that the arraignment was held over 48 hours after defendant's arrest, because the issue was not raised below, the prosecution was not given the opportunity to demonstrate a bona fide emergency or another extraordinary circumstance justifying the delay. Therefore, we decline to review this unpreserved error.

## 2. PRELIMINARY EXAMINATION

Defendant also raises a number of arguments with respect to his preliminary examination. He first claims that he was denied his due-process right to a timely preliminary examination. We disagree.

We first note that defendant did not preserve this issue by raising it in the trial court. See *Metamora Water Serv, Inc*, 276 Mich App at 382. Therefore, our review is for plain error affecting defendant's substantial rights. See *Carines*, 460 Mich at 763. MCL 766.4(1) provides, in relevant part, that

> the magistrate before whom any person is arraigned on a charge of having committed a felony shall set a date for a probable cause conference to be held not less than 7 days or more than 14 days after the date of the arraignment, and a date for a preliminary examination of not less than 5 days or more than 7 days after the date of the probable cause conference.

At the arraignment on March 25, 2015, the trial court set the preliminary examination conference for April 8, 2015, and set the preliminary examination for April 15, 2015. The lower court register of actions reflects that defendant sought the adjournment on April 14, 2015. Therefore, he fails to establish plain error. See *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003) ("[E]rror requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence.").

Defendant also raises evidentiary issues and a sufficiency of the evidence challenge with respect to the preliminary examination. "[E]videntiary error committed at the preliminary examination stage of [a] case does not require automatic reversal of the subsequent conviction absent a showing that defendant was prejudiced at trial." *People v Hall*, 435 Mich 599, 602-603; 460 NW2d 520 (1990). Defendant has not shown that he was denied a fair trial, and he makes no allegations of unfair prejudice resulting from the alleged errors at the preliminary examinations. Further, if a defendant is fairly convicted at trial, no appeal lies regarding whether the evidence at the preliminary examination was sufficient to warrant a bindover. *People v Green*, 313 Mich App 526, 530; 884 NW2d 838 (2015) ("A defendant may not appeal whether the evidence at the preliminary examination was sufficient to warrant a bindover if the defendant was fairly convicted of the crimes at trial.") (Citation and quotation marks omitted.) Because defendant was fairly convicted of the crimes at trial, he cannot appeal the sufficiency of the evidence at the preliminary examination.

### 3. TESTIMONY ON INJURY OF NINE-YEAR-OLD

Defendant argues that the trial court abused its discretion by admitting opinion testimony from police witnesses and the mother of the child injured inside her home about the cause of the child's injury, by admitting the projectile and testimony regarding the projectile, and by admitting a photograph showing the trajectory of the projectile. We disagree.

Defendant did not object to the allegedly improper opinion testimony, and stipulated to the admission of evidence regarding the projectile and the trajectory of the projectile. Therefore, the issue regarding the opinion testimony is unpreserved, and the issue regarding the admission of the projectile and trajectory evidence is waived. See *Carter*, 462 Mich at 215; *Aldrich*, 246 Mich App at 113. We review the unpreserved challenge to the opinion testimony for plain error. See *Carines*, 460 Mich at 763.

Defendant first asserts that several police officers and the child's mother were not qualified as experts but were allowed to provide improper opinion testimony about the child's injury. MRE 701 permits lay witnesses to provide testimony in the form of an opinion if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 701. Here, the police officers and the child's mother based their opinions regarding whether a bullet or shrapnel grazed the girl's shoulder on their own perceptions of her injury and the circumstances surrounding the injury. Therefore, the opinion testimony was proper. Furthermore, the exact object that caused the girl's injury is irrelevant as neither party contests that the shooting caused the child's injuries. Therefore, even assuming that the evidence was improperly admitted, defendant cannot establish prejudice.

Even assuming that the issue regarding the projectile and the trajectory evidence was not waived, defendant fails to establish error with regard to the admission of the evidence. Defendant argues that the bullet, and testimony regarding it, were improperly admitted because the firearms expert who examined the bullet "could not substantiate that the projectile was a 40 caliber bullet" and because the projectile could not be linked to the weapon used in this case. He claims that the evidence was therefore highly prejudicial because "the jury could have assumed the projectile was a 40 caliber and was fired from the weapon in evidence." The factual premise of defendant's argument is incorrect. The firearms expert testified that he "was able to determine that the class characteristics of this bullet, which I believe were six polygonal right and that it was a 40 caliber, slash, 10-millimeter caliber bullet, it's the diameter of the bullet . . . and it was consistent with − just from those things, that this gun could be a possibility that fired it." Admittedly, he testified that he was "not able to identify the bullet as having been fired from this gun." "However," he continued, "I can't eliminate it as having been fired from that gun."

Lastly, defendant argues, without any supporting authority, that a photograph showing the trajectory of the projectile was improperly admitted because the "trajectory was conducted improperly making the procedure incompetent." The trajectory of the bullet was relevant in establishing where the shot that struck the injured child's home originated. To the extent that the procedure used to determine the trajectory may have been deficient, defendant's argument goes to the weight of the evidence, not its admissibility. See *People v Mardlin*, 487 Mich 609, 626; 790 NW2d 607 (2010) ("The jury is the sole judge of the facts; its role includes listening to testimony, weighing evidence, and making credibility determinations.").

## 4. JURY INSTRUCTIONS

Defendant also argues that the trial court erred by instructing the jury on the offenses of assault and assault and battery, MCL 750.81. We disagree.

We review this unpreserved challenge to the jury instructions for plain error affecting defendant's substantial rights. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 421; 884 NW2d 297 (2015).

The trial court told the jury that defendant was charged with 12 counts and instructed on those 12 counts, none of which were assault and assault and battery. However, the trial transcript indicates that the court *did* instruct the jury on these two offenses. Nonetheless, the

court read the verdict form on the record, and it did not include options to render a verdict for assault and assault and battery. The verdict form contains only the appropriate 12 counts and offers only the lesser included offenses of assault with intent to commit great bodily harm, MCL 750.84, and felonious assault, MCL 750.82. Further, defendant does not challenge the fact that the trial court properly instructed the jury on all elements of the charged offenses and any material issues, defenses, and theories supported by the evidence. See *McGhee*, 268 Mich App at 606. Therefore, to the extent that the trial court improperly instructed the jury regarding assault and assault and battery, the error did not prejudice defendant.[3]

## 5. SEARCH WARRANT

Defendant argues that the gun seized during the search of McClain's home should have been suppressed because the affidavit in support of the search warrant was insufficient to establish probable cause to search. We disagree.

Defendant did not move to suppress the evidence in the lower court and, therefore, there is no record to review. Further, the search warrant and affidavit are not contained in the lower court record. Although defendant appears to have quoted from portions of the search warrant affidavit in his Standard 4 brief, he has not provided this Court with a copy of that document, nor has he moved to expand the record to include the warrant and affidavit. As he has not primed the appellate pump, we decline to attempt any further analysis of the issue. See *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009).

## 6. MEDICAL TESTIMONY

Defendant maintains that the trial court clearly erred by excluding scientific expert testimony from the doctor who treated the child victim in the emergency department. We disagree.

Defense counsel stipulated to admission of the doctor's report in lieu of the doctor's testimony. The stipulation waived any error with regard to the trial court's admission of the report. *Carter*, 462 Mich at 215. In the alternative, defendant argues that trial counsel was ineffective for stipulating to admit the medical report and not calling the doctor as a witness. He contends that if the doctor's testimony had been admitted, the contradictory lay opinion testimony would have been excluded. However, as discussed previously, the lay opinion testimony was admissible under MRE 701. Therefore, counsel cannot be faulted for failing to make a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

---

[3] Defendant also argues that the prosecution lacked sufficient evidence to charge him with assault with intent to commit murder, and the trial court erred by giving the standard jury instruction on intent. Defendant has waived these claims of error, however, by failing to include them in his statement of questions presented. See *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011).

## 7. PROSECUTORIAL MISCONDUCT

Defendant asserts that he was deprived of a fair trial when the prosecutor misstated the law during closing arguments. We disagree.

Defendant did not contemporaneously object to the alleged improper statements at trial and, therefore, this issue is not preserved. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Accordingly, we review the issue for plain error affecting defendant's substantial rights. *Id*. at 454.

We review claims of prosecutorial misconduct on a case-by-case basis, and must examine the pertinent portion of the record and evaluate the prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). The prosecutor's statements must be considered as a whole and evaluated in light of defense arguments and the relationship they bear on the evidence admitted at trial. *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003).

Defendant has extrapolated three isolated comments out of context to support his argument that the prosecutor misstated the law with respect to the intent necessary to convict of assault with intent to commit murder. Although a prosecutor's clear misstatement of the law can deprive a defendant of a fair trial if uncorrected, *People v Grayer*, 252 Mich App 349, 357; 651 NW2d 818 (2002), defendant has not identified any error in the prosecutor's unchallenged remarks. Instead, our review of the prosecutor's closing argument reveals that the prosecutor properly stated the law with regard to intent.

In any event, the prosecutor also told the jury that "[y]ou have to follow the law as the Judge instructs you, not as I instruct you, as the Judge instructs you. He's going to read you what the law is [and] . . . I've been sworn to an oath to follow the law as instructed." This was echoed by the court: "It is my duty to instruct you on the law. You must take the law as I give it to you. *If a lawyer says something different about the law, follow what I say*." (Emphasis added.) " 'It is well established that jurors are presumed to follow their instructions.' " *People v Parker*, 288 Mich App 500, 512; 795 NW2d 596 (2010) (citation omitted). Therefore, even assuming that the prosecutor made improper statements during closing arguments, defendant cannot establish plain error.

## 8. CUMULATIVE ERROR

Lastly, defendant argues that the cumulative effect of the errors in this case deprived him of a fair trial. We disagree.

Defendant waived this claim of error by failing to include it in the statement of questions presented. *Fonville*, 291 Mich App at 383. Regardless, even if we were to conclude that the error was not waived, defendant fails to establish that the cumulative effect of several errors prejudiced him to the extent that reversal is warranted. "To warrant reversal based on cumulative error, 'the effect of the errors must have been seriously prejudicial in order to warrant a finding that defendant was denied a fair trial.' " *Schrauben*, 314 Mich App at 193 (citation

omitted).  In this case, we conclude that any minor errors were not seriously prejudicial in order to warrant a finding that defendant was denied a fair trial.  Accordingly, defendant's claim is without merit.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Henry William Saad